# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

EARNEST BARNARD CLAYTON,

    Plaintiff,

v.

STANLEY WILLIAMS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:17-cv-70

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, submitted a Complaint pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. (Doc. 1.) The Court ordered Plaintiff to amend his Complaint before frivolity review, (doc. 8), and Plaintiff subsequently filed an Amended Complaint, (doc. 11). For the reasons set forth below, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint for failure to follow this Court's Order and failure to state a claim, and **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

Plaintiff filed his original Complaint, along with a Motion to Proceed *in Forma Pauperis*, on May 15, 2017. (Docs. 1, 2.) The Court granted Plaintiff's Motion, but before conducting the requisite frivolity review under 28 U.S.C. § 1915(a)(1), the Court directed Plaintiff to amend his Complaint. (Doc. 8.) The Court informed Plaintiff that "in its current form [his Complaint] fails to state a viable claim and is due to be dismissed." (Id. at p. 4.) Furthermore, the Court advised

Plaintiff that his Complaint was an impermissible "shotgun pleading" and warned him that he "may not join unrelated claims and various defendants unless the claims 'arise out of the same transaction, occurrence, or series of transactions or occurrences.'" (Id. at pp. 3–4.) Additionally, the Court directed Plaintiff to follow a detailed list of specific instructions on how to properly draft his Amended Complaint. (Id. at pp. 4–5.)

Plaintiff timely filed an Amended Complaint on July 21, 2017. (Doc. 9.) However, while his attachments were limited to the appropriate number of pages, Plaintiff failed to heed the Court's other specific instructions and submitted yet another shotgun pleading. Further, Plaintiff still fails to limit his claims to those arising out of the same transaction, occurrence, or series of transactions or occurrences. Plaintiff includes: details concerning the cell conditions in the K-2 building at GSP, (id. at pp. 13–16, 18–20);[1] several allegations about his cell conditions in the G-4 building at GSP, (id. at p. 19–20);[2] and various failure to protect claims, deliberate indifference to medical needs claims, excessive force claims, retaliation claims related to his grievance filings, and First Amendment claims, (id. at pp. 14–15, 18–21).

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets, shows an inability to pay the filing fee, and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§

---

[1] While Plaintiff primarily complains about the sanitary conditions of Cell-5 in dorm K-2, he also complains about safety threats from cellmates during his time in Cell-18 in dorm K-2, (doc. 9, p. 20).

[2] Plaintiff complains about the conditions of multiple cells in dorm G-4, including Cell-9 and Cell-23.

1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

3

dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys[.]") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I.  Dismissal for Failure to Follow this Court's Orders

This Court issued an Order directing Plaintiff to amend his Complaint and provided detailed instructions as to how Plaintiff could amend to properly state a claim. Plaintiff was cautioned that his failure to file an appropriate Amended Complaint will result in "[dismissal for] failure to follow a court order." (Doc. 8, p. 5.) Plaintiff, however, ignored the Court's instructions and instead re-submitted a Complaint materially similar to his original filing.

Specifically, Plaintiff failed to follow this Court's orders to: "(1) draft his Amended Complaint on the [provided] complaint form"; "(4) write legibly"; "(7) only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences"; "(8) clearly identify each defendant responsible for each alleged violation"; "(9) omit all legal argument or conclusions"; "(10) provide complete information on the administrative relief [] pursued"; and "(11) provide detailed information on all prisoner civil actions [] filed." (Id. at pp.

4

4–5.)  In turn, Plaintiff: (1) negligibly drafted his Amended Complaint on the required form, (doc. 9, pp. 3–5); (4) wrote in illegible handwriting, (doc. 9); (7) asserted several unrelated claims, (id. at pp. 12–21); (8) named Defendants without including any corresponding factual allegations and frequently listed over a dozen Defendants at once, simply stating that they knew of or observed the various alleged violations committed against him, (id. at pp. 12, 14–19); (9) included incoherent legalese and numerous legal conclusions, (id. at pp. 13–21); (10) provided incomplete information regarding the administrative relief he pursued, leaving some form sections entirely blank, (id. at pp. 6–8); and (11) included no information whatsoever regarding his prison litigation history, (id. at pp. 8–10).

In sum, Plaintiff failed to heed this Court's detailed Order and submitted an Amended Complaint that is drafted in a disorganized, repetitive fashion replete with conclusory allegations and unwarranted legalese. Where such failure occurs, a district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626, 630–31 (1962); Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to comply with the Federal Rules of Civil Procedure, a court order, or local rules. Fed. R. Civ. P. 41(b); see Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action . . . with or without prejudice [for] willful disobedience or neglect of any order of the Court."). Additionally, a district court's "power to dismiss is an

inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to follow court orders is a "sanction . . . applicable only in extreme circumstances" and requires that a court "(1) [make] a clear record of willful conduct and (2) a finding that lesser sanctions are inadequate." Baltimore v. Jim Burke Motors, Auto., 300 F. App'x 703, 707 (11th Cir. 2008) (per curiam) (citing Betty K Agencies, Ltd., 432 F.3d at 1339 and quoting Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)).

see also McIntosh v. Gauthier, 182 F. App'x 884, 886–87 (11th Cir. 2006) (same) (citing McKelvey v. AT&T Techs., Inc., 789 F.2d 1518, 1520). By contrast, dismissal *without* prejudice for failure to follow a court order is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner. See Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007); see also Fed. R. Civ. P. 41(b) (providing that an involuntary dismissal for failure to comply with a court order is an adjudication on the merits, unless the district court "states otherwise"); Brown, 205 F. App'x at 802 (noting that dismissal without prejudice under Rule 41(b) is generally not an abuse of discretion).

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted. In light of Plaintiff's extensive disregard for this Court's Order, as discussed at length above, a lesser sanction would not suffice. See Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to comply with the court's order, where plaintiff did not follow the court's specific instructions when given the opportunity to amend his complaint and court had informed plaintiff that noncompliance could lead to dismissal); see also Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for

failure to follow a court order and for failure to prosecute, where plaintiffs failed to follow the court's specific instructions on how to amend their deficient complaint, instead submitting an amended complaint that contained the same deficiencies as the original); cf. Moon v. Newsome, 863 F.2d 835, 837–39 (11th Cir. 1989) (upholding dismissal with prejudice for failure to follow a court order of a *pro se* plaintiff's Section 1983 claim, where plaintiff, proceeding *in forma pauperis*, failed to follow a discovery order and refused to comply with a sanctions order).

The Court warned Plaintiff in its Order that if he "should [] fail to abide by this directive, the Court will dismiss this case for [] failure to follow a court order."  (Doc. 8, p. 5.) Consequently, the Court should **DISMISS without prejudice** Plaintiff's Complaint, as amended, for failure to follow this Court's Order.

## II.     Dismissal for Failure to State a Claim

Moreover, Plaintiff's Amended Complaint is still a "shotgun pleading" that is unclear as to which facts are "material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, L.L.C. v. Spear, 305 F.3d 1293, 1295 n.9 (11th Cir. 2002)).  The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings." Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008).  Plaintiff's Amended Complaint is drafted such that it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Strategic Income Fund, LLC, 305 F.3d at 1295 n.9 (citation omitted).  A district court is not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith, 146 F. App'x at 372 (citation omitted). Despite the Court specifically reminding Plaintiff that he can "only assert claims that arose from the same transaction or occurrence or series of related transactions or occurrences," Plaintiff has

failed to follow this directive and attempts to do the very same with his Amended Complaint. (Doc. 8, p. 4 (citing Fed. R. Civ. P. 20(a)).) Plaintiff includes: details concerning the cell conditions in the K-2 building at GSP, (id. at pp. 13–16, 18–20);[3] several allegations about his cell conditions in the G-4 building at GSP, (id. at p. 19–20);[4] and various failure to protect claims, deliberate indifference to medical needs claims, excessive force claims, retaliation claims related to his grievance filings, and First Amendment claims, (id. at pp. 14–15, 18–21). Therefore, because Plaintiff's Amended Complaint is haphazardly pled with unrelated claims arising from unrelated occurrences, it fails to state a viable claim and should be dismissed.

Accordingly, the Court should **DISMISS without prejudice** Plaintiff's case not only for failure to follow this Court's Order, but also for failure to state a claim under the Federal Rules of Civil Procedure. See Smith v. Owens, 625 F. App'x 924, 928 (11th Cir. 2015) (upholding this Court's dismissal for failure to comply with Federal Rule of Civil Procedure 20(a)).

### III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[5] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691

---

[3] While Plaintiff primarily complains about the sanitary conditions of Cell-5 in dorm K-2, he also complains about safety threats from cellmates during his time in Cell-18 in dorm K-2, (doc. 9, p. 20).

[4] Plaintiff complains about the conditions of multiple cells in dorm G-4, including Cell-9 and Cell-23.

[5] A certificate of appealability is not required in this Section 1983 action.

(M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the foregoing reasons, I **RECOMMEND** that the Court **DISMISS without prejudice** Plaintiff's Complaint, and **DIRECT** the Clerk of Court to **CLOSE** this case. Additionally, I **RECOMMEND** the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 27th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA